## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-_____

CRAIG HOSPITAL, a Colorado non-profit corporation,

Plaintiff,

v.

AETNA HEALTH, INC., a Pennsylvania corporation,
COVENTRY HEALTH AND LIFE INSURANCE COMPANY,
a Missouri corporation, and COVENTRY HEALTHCARE
OF KANSAS, INC., a Kansas corporation,

Defendants.

---

## NOTICE OF REMOVAL

---

Defendants Aetna Health, Inc. ("Aetna"), Coventry Health and Insurance Company ("Coventry Health"), and Coventry Healthcare of Kansas, Inc. ("Coventry Healthcare of Kansas") (collectively "Defendants"), through their attorneys, Franz Hardy and Maral Shoaei of Gordon Rees Scully Mansukhani LLP, submit this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.       Plaintiff Craig Hospital filed this lawsuit on June 13, 2018 in the District Court, Arapahoe County, Colorado captioned *Craig Hospital v. Aetna Health, Inc., Coventry Health and Life Insurance Company, and Coventry Healthcare of Kansas, Inc.*, Case No. 2018CV31407.

2.       A copy of the Complaint and Jury Demand is attached as **Exhibit A.**  A copy of the District Court Civil Case Cover Sheet is attached as **Exhibit B.**

3.      The Complaint was served on Aetna's registered agent on June 15, 2018.  The Complaint was also served on Coventry Health's registered agent on June 19, 2018.  The Complaint was further served on Coventry Healthcare of Kansas' registered agent on July 2, 2018.

4.      In the Complaint, plaintiff asserts claims for breach of contract and violation of C.R.S. § 10-3-1115.  In particular, plaintiff alleges that Aetna, on behalf of itself, Coventry Health and Coventry Healthcare of Kansas, entered into a "Negotiated Letter of Agreement" ("Agreement") agreeing to pay for the surgical placement of a diaphragmatic pacer after a patient suffered a hemorrhage at C2 to C4 rendering him a Scale A tetraplegic.  Plaintiff alleges that defendants failed to pay for the surgical placement of the diaphragmatic pacer according to the terms of the Agreement.  Plaintiff further alleges that delay and/or denial of payment is unreasonable under the Agreement entitling it to "two times the covered benefit" and reasonable attorney's fees and costs.

5.      This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court for Arapahoe County, Colorado, where the case is currently pending.

7.      This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (*See* Complaint at ¶¶ 18, 25, 42, "Patient had surgery to place a diaphragmatic pacer";

"Defendants have refused to issue payment to [Plaintiff] for the surgery"; "[Plaintiff] is entitled to recover two times the covered benefit, reasonable attorney's fees and costs from Defendants pursuant to C.R.S. § 10-3-1116"; *see also* District Court Civil Case Cover Sheet at p. 2 ("A monetary judgment over $100,000 is sought")). Plaintiff seeks payment for the surgical placement of a diaphragmatic pacer in a tetraplegic patient as damages under its breach of contract claim.  Plaintiff also seeks two times the covered benefit, under C.R.S. §§ 10-3-1115 and 10-3-1116, and attorneys' fees associated with the alleged denial of payment.[1]

8.      Courts in this district have concluded that the amount in controversy exceeds the jurisdictional amount when an insured brings a claim for breach of contract and also seeks to recover two times the covered benefit pursuant to C.R.S. §§ 10-3-1115-6, plus attorneys' fees. *See Cox v. Lincoln Nat'l Life Ins. Co*., 2010 U.S. Dist. LEXIS 134517, *10 (D. Colo. Dec. 9, 2010) (the amount in controversy was satisfied when the plaintiff alleged that the defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for two times the covered benefit under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co*., 2013 U.S.

---

[1] The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("where a defendant has allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract").  Plaintiff alleges that the Agreement included a Rehabilitation Hospital Services and Compensation Schedule referencing "Med-sur-gy/2 Bed." (*See* Complaint at ¶ 17).  Under this schedule, defendants were to pay plaintiff "68% of Billed Charges Rate Applied to Entire Bill". (*See* Rehabilitation Hospital Services and Compensation Schedule attached as **Exhibit C**).  The total billed amount, before contribution by the patient's health plan, was $90,032.24. (*See* Explanation of Benefits attached as **Exhibit D**).  The patient's plan paid $4,394.00 bringing the adjusted total amount to $85,638.24.  *Id*.  68% of the adjusted total amount equals $58,234.00.

Dist. LEXIS 51240, *9-10 (D. Colo. Mar. 18, 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

9.     Thus, when plaintiff's claims for breach of contract for failure to pay for surgery, two times the covered benefit, and attorneys' fees are combined, exclusive of interest and costs, the amount in controversy exceeds $75,000.

10.     The Civil Case Cover Sheet provides further evidence that plaintiff values its claims in excess of the jurisdictional limit.  On the Civil Case Cover Sheet filed on June 13, 2018, plaintiff indicated the case was not governed by Colorado's simplified procedure pursuant to Colo. R. Civ. P. 16.1 because "[a] monetary judgment over $100,000 is sought by any party against any other single party. . . ." *See Paros Props, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (a defendant can support its removal notice by reference to a plaintiff's check mark on the Colorado civil cover sheet indicating the amount in controversy exceeded $75,000).

11.     Removal is appropriate here because there is complete diversity between the parties.  For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C. § 1332(c)(1).   Plaintiff is Colorado non-profit corporation with a principal place of business in Arapahoe County, Colorado. (*See* Complaint at ¶ 1).  Aetna is a foreign corporation domiciled in the state of Pennsylvania, with its principal place of business in Pennsylvania. *Id*. at ¶ 2.  Coventry Health is a foreign corporation domiciled in Missouri, with its principal place of business in Maryland. *Id*. at ¶ 5.  Coventry Healthcare of

Kansas is a foreign corporation domiciled in Kansas, with its principal place of business in Connecticut. *Id*. at ¶ 8.

12.     No change of citizenship of the parties has occurred since the commencement of this action.

13.     Pursuant to D.C.Colo.LCivR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the case.

14.     Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.  Also, within fourteen days of the filing of this Notice of Removal, defendants will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply, and brief.

15.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon defendants are also submitted.

WHEREFORE, Defendants Aetna Health, Inc., Coventry Health and Insurance Company, and Coventry Healthcare of Kansas, Inc. respectfully request that this Court accept this Notice of Removal, assume jurisdiction over this matter, and issue such further orders and process as may be necessary.

DATED this the 13th day of July, 2018.

/s/ *Franz Hardy*

Franz Hardy, Esq.
Maral Shoaei, Esq.
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@gordonrees.com
mshoaei@gordonrees.com
*Attorneys for Defendants Aetna Health, Inc.,*
*Coventry Health and Life Insurance Company,*
*and Coventry Healthcare of Kansas, Inc.*

Notice of Removal

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below on this the 13th day of July, 2018.

Robert Craig Ewing, Esq.
Ewing Law, PC
7175 West Jefferson Avenue, Suite 1200
Lakewood, Colorado 80235
rcraigewing@gmail.com
*Attorney for Plaintiff*

/s/ *Franz Hardy*
Franz Hardy, Esq.
Maral Shoaei, Esq.
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@gordonrees.com
mshoaei@gordonrees.com
*Attorneys for Defendants Aetna Health, Inc. and*
*Coventry Health and Life Insurance Company*